**SIGNED this 5th day of April, 2016**

/s/ Nicholas W. Whittenburg
_____
**Nicholas W. Whittenburg
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Cherilyn Etta Bryant** | ) | **No. 1:15-bk-12367-NWW** |
| | ) | **Chapter 13** |
|     **Debtor** | ) | |
| | ) | |
| **Cherilyn Etta Bryant** | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 1:15-ap-01120-NWW** |
| | ) | |
| **Hamilton County, State of Tennessee** | ) | |
| **Carlton J. Ditto** | ) | |
| | ) | |
|     **Defendants** | ) | |

# M E M O R A N D U M

This adversary proceeding is before the court on the Plaintiff's Motion for Summary Judgment filed on February 16, 2016. Having considered the motion, supporting and opposing briefs, and the plaintiff's statement of undisputed material facts and the defendants' responses thereto, the court will grant the motion.

The pertinent facts are simple and undisputed. On March 21, 2003, the plaintiff purchased the property located at 1725 Mitchell Avenue in Chattanooga, Hamilton County, Tennessee. She has used and/or occupied the property since that time.[1] For the past several years, she has maintained an office in a portion of the property and leased the rest to her niece and the niece's spouse. The plaintiff's statement of undisputed material facts indicates that she "intends to use the property as her primary residence pending the resolution of this case," and Hamilton County has admitted all facts set forth in that statement and Mr. Ditto's response does not dispute that particular fact. On June 5, 2014, Hamilton County conducted a tax sale, and Mr. Ditto was the successful bidder. On June 16, 2014, a decree confirming the sale was recorded in the office of the Register of Deeds of Hamilton County.

On June 4, 2015, the plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. No objections to the plaintiff's proposed chapter 13 plan were filed and, on July 15, 2015, the court confirmed the plan, which provides for ongoing mortgage payments to Chattanooga Neighborhood Enterprise, Inc., additional payments to cure the mortgage default, and the full payment of unsecured claims.

On July 31, 2015, CNE sent the county a check for $4,673.10, accompanied by a Statement of Person Redeeming Property Sold at Tax Sale identifying the "Name of Redeeming Person" as CNE and reciting that "I am making this redemption for the use and benefit of the delinquent taxpayer." The check was also accompanied by a letter

---

[1] Defendant Carlton J. Ditto asserts (without a supporting affidavit or declaration or other evidentiary support) that he attempted to take possession of the property upon the expiration of the redemption period, but was precluded by the automatic stay from doing so.

from CNE's attorney indicating that the check was being "tendered on behalf of Cherilyn E. Bryant to redeem property which she lost at a back tax sale." On August 27, 2015, a Motion to Deny Redemption was filed in the Chancery Court, challenging the redemption as untimely.[2]

> Section 67-5-2701(a)(1) of the Tennessee Code Annotated provides, in part:
>
> Upon entry of an order confirming a sale of a parcel, a right to redeem shall vest in all interested persons. The right to redeem shall be exercised within the time period established by this subsection (a) beginning on the date of the entry of the order confirming the sale, but in no event shall the right to redeem be exercised more than one (1) year from that date. The redemption period of each parcel shall be stated in the order confirming the sale based on the . . . criteria [listed in the statute].

There is no dispute that the applicable redemption period was one year from entry of the order confirming the tax sale. (Adv. Compl. ¶ 8; Answer of Defs. Hamilton Co. and the State of Tenn. to Pl.'s Adv. Compl., at 1; Answer of Def. Carlton J. Ditto, at 3.) The plaintiff contends, however, that the one-year period was extended by the Bankruptcy Code.

> Specifically, the plaintiff relies on 11 U.S.C. § 108(b), which provides:
>
> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

---

[2] Neither of the defendants has raised an issue regarding the method by which redemption was tendered, *see* Tenn. Code Ann. § 67-5-2701(b), or regarding the amount tendered, *see id.* § 67-5-2701(c)-(e).

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

The tax sale decree constitutes an order entered in a nonbankruptcy proceeding and T.C.A. § 67-5-2701(a)(1) constitutes applicable nonbankruptcy law that fixed a period within which the debtor may "cure a default, or perform any similar act." *See, e.g., Dumas v. Sabre Group (In re Dumas)*, 397 B.R. 883, 887 (Bankr. N.D. Ill. 2008). The one-year redemption period had not expired at the time the plaintiff filed her bankruptcy petition. Accordingly and because the redemption period would have expired less than sixty days after the order for relief, the plaintiff maintains that § 108(b) of the Bankruptcy Code afforded her 60 days after the order for relief – until August 3, 2015 – within which to redeem the property. On the other hand, the defendants take the position that only a trustee and not a creditor or a chapter 13 debtor may take advantage of the extension of time provided in § 108(b).

It is undisputed that the one-year redemption period afforded CNE under Tennessee law expired prior to its tender of the redemption check on July 31, 2015. The plaintiff does not argue that § 108(b) extended *CNE's* redemption period. Rather, she asserts that CNE was acting as her agent when it tendered the check necessary to redeem the property. Hamilton County asserts that "nothing in the record supports the contention that CNE filed for redemption as an actual agent of either the Plaintiff or the Trustee" and Mr. Ditto similarly asserts that "neither Plaintiff nor CNE submitted any proof that such an agency exists." Those assertions are simply untrue: the cover letter and statement accompanying the redemption payment clearly indicate that the redemp-

-4-

tion was being made on behalf of the plaintiff. Moreover, the plaintiff's affidavit attests to the truth of the facts contained in her motion for summary judgment, and one of those facts is that "Chattanooga Neighborhood Enterprise ('CNE'), the primarily lien holder on the Property filed the redemption on behalf of the Debtor."[3] The defendants have submitted no evidence to the contrary. In the face of a summary judgment motion, the non-moving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). In the words of Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." The defendants have not done so. Accordingly, the court concludes that there is no genuine issue of fact regarding the payment having been made by CNE on behalf of the plaintiff, just as if the plaintiff had borrowed the redemption funds from the lender and sent her own check to the taxing authority.

The only remaining question is whether a chapter 13 debtor has the benefit of § 108(b) or that benefit inures only to the trustee in a chapter 13 case. Neither the

---

[3] Thus, the case upon which Mr. Ditto relies, *State v. Burns*, No. 01A01-9604-CH-00178, 1996 Tenn. App. LEXIS 743, at *19-*20 (Tenn. Ct. App. Nov. 20, 1996), is distinguishable since the court in that case found that there was no evidence of agency authority.

Supreme Court nor the Sixth Circuit has addressed the issue.[4] The Second Circuit has held that § 108(b) inures to the benefit of chapter 11 debtors in possession because § 1107(a) extends rights of trustees to debtors in possession in chapter 11 cases[5] so that "the debtor in possession essentially functions as the trustee." *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Custom Air Sys., Inc.*, 333 F.3d 345, 347-48 (2d Cir. 2003).

Unlike the chapter 11 debtor in possession, the chapter 13 debtor is not vested with substantially all of the rights of the trustee. However, the chapter 13 debtor is granted – exclusive of the chapter 13 trustee – the "rights and powers of a trustee" to use, sell, or lease property of the estate. 11 U.S.C. § 1303. Further, unless otherwise provided in a confirmed plan or order confirming the plan, the chapter 13 debtor "shall remain in possession of all property of the estate." *Id.* § 1306(b). It is undisputed that the debtor, as the taxpayer and owner of the property prior to the tax sale, had a right to redeem the property pursuant to T.C.A. § 67-5-2701 and, under Tennessee law, a right of redemption is an interest in property. *Marsh v. Storie*, 373 S.W.3d 553 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. June 20, 2012). The redemption right, as a legal or equitable interest in property, became property of the estate upon the commence-

---

[4] Several courts of appeals have stated without discussion that a chapter 13 debtor has the benefit of § 108(b). *In re Connors*, 497 F.3d 314, 321 (3d Cir. 2007); *Canney v. Merchants Bank (In re Canney)*, 284 F.3d 362, 373 (2d Cir. 2002); *In re Roach*, 824 F.2d 1370, 1372 n.1 (3d Cir. 1987); *Goldberg v. Tynan (In re Tynan)*, 773 F.2d 177 (7th Cir. 1985); *Johnson v. First Nat'l Bank*, 719 F.2d 270, 278 (8th Cir. 1983).

[5] Section 1107(a) the debtor in possession with "all the rights, other than the right to compensation under section 330 of this title, and powers . . . of a trustee serving in a case under this chapter."

ment of the chapter 13 case. 11 U.S.C. § 541(a)(1); *Francis v. Scorpion Group, LLC (In re Francis)*, 489 B.R. 262, 266-267 (Bankr. N.D. Ga. 2013); *Minter v. Prasad (In re Minter)*, 314 B.R. 164, 168 (Bankr. W.D. Tenn. 2004). As the chapter 13 debtor is given the rights and powers of a trustee over property of the estate by virtue of § 1303 and the right of redemption constitutes property of the estate, the extension of time to exercise that right afforded to a trustee by § 108(b) is available to the chapter 13 debtor just as it is available to the chapter 11 debtor in possession.

This conclusion is buttressed by case law decided under § 108(a) of the Bankruptcy Code, which grants an extension of time for the trustee to commence litigation on causes of action belonging to the debtor. Although there do not appear to be any Court of Appeals decisions in that regard, a line of bankruptcy court decisions holds that the extension is available to the chapter 13 debtor, *e.g.*, *Carpenter v. US Bank, N.A. (In re Carpenter)*, Bankr. No. 11-20896-TPA, Adv. No. 11-2252-TPA, 2013 WL 1953275, at *13 (Bankr. W.D. Pa. May 7, 2013); *Dawson v. Thomas (In re Dawson)*, 411 B.R. 1, 20-31 (Bankr. D.D.C. 2008); *McConnell v. K-2 Mortgage (In re McConnell)*, 390 B.R. 170 (Bankr. W.D. Pa. 2008); *Spence v. Advanta Mortg. Corp. (In re Spence)*, Bankr. No. 97-19586-SSM, Adv. No. 98-1221, 1999 WL 35108963, at *5-*6 (Bankr. E.D. Va. May 24, 1999), at least where the litigation benefits the bankruptcy estate, *e.g.*, *Gaskins v. Metro. Home Improvement Ctr. (In re Gaskins)*, 98 B.R. 328 (Bankr. E.D. Tenn. 1989) (distinguishing the non-application of § 108(a) in *Craig v. Barclays Am. Fin., Inc. (In re Craig)*, 7 B.R. 864 (Bankr. E.D. Tenn. 1980), on the ground that that litigation did not benefit the estate). *Contra*, *Johnson v. Homecomings Fin., LLC (In re Johnson)*, Bankr. No. 08-40032, Adv. No. 08-4068, 2009 WL 2259088, at *20-*31 (Bankr. S.D. Ill. July 29,

2009); *Carr V. United States*, 482 F. Supp. 2d 842 (W.D. Tex. 2007); *Ranasinghe v. Compton (In re Ranasinghe)*, 341 B.R. 556 (Bankr. E.D. Va. 2006). Particularly noteworthy is the *McConnell* decision, in which the court held, first, that the chapter 13 debtor may pursue prepetition causes of action that have become property of the estate by virtue of the filing of the petition:

> There is no question that a debtor's pre-petition cause of action is property of the bankruptcy estate. The Bankruptcy Code grants the trustee the power to use, sell, or lease property of the estate. However, in a Chapter 13 bankruptcy case, by virtue of Section 1303, a Chapter 13 debtor has the "rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l )" of the Bankruptcy Code. These powers include the power to "use, sell, or lease" property of the estate.
>
> The only way to "use" a cause of action is to bring suit upon it or settle it. Therefore, it follows that a Chapter 13 debtor has standing to prosecute pre-petition causes of action that constitute property of the estate.

*McConnell*, 390 B.R. at 176-77 (citations omitted). The court next discussed the case law extending § 108 to chapter 11 debtors in possession, and held that the same reasoning applies to chapter 13 debtors:

> Although less clear than in the Chapter 11 context, there is no reason why Section 108 of the Bankruptcy Code should not also apply to Chapter 13 debtors-in-possession prosecuting estate property, as the debtor is the representative of the estate in prosecuting the action. The case law surrounding this issue is scarce, and admittedly, some courts which have decided the issue have come to the opposite conclusion of this Court. The reasoning in these cases, however, fails to recognize that the debtor in a Chapter 13 case is a debtor-in-possession by way of 11 U.S.C. § 1306(b), and that the debtor in a Chapter 13 case has the ability to sue on behalf of the estate and thus is eligible for the same provisions of the Code affecting the trustee's power.
>
> In the context of Chapter 13, the term "debtor-in-possession" is not specifically used. However, pursuant to § 1306(b) of the Bankruptcy Code "the debtor shall remain in possession of all property of the estate" except

> as provided for in a confirmed plan or order confirming the plan. 11 U.S.C. § 1306(b) (emphasis added). This provision of the Code unequivocally makes the debtor in a Chapter 13 case a debtor-in-possession. To hold that a Chapter 13 debtor is not a debtor-in-possession simply because those three words do not appear in succession in Chapter 13 of the Bankruptcy Code makes no logical sense in light of this language found in 11 U.S.C. § 1306(b).
>
> The difference between a debtors-in-possession in Chapter 13 cases and debtors-in-possession in Chapters 11 and 12 cases is that unlike debtors in Chapters 11 or 12, Chapter 13 debtors are not debtors-in-possession vested, generally, with all of the powers of a trustee. Instead, the Chapter 13 debtor is only vested with some of the powers of the trustee, including, *inter alia*, the power to possess property of the estate and sue on causes of action which are themselves property of the estate. It is incongruous to the statutory scheme in bankruptcy to find that the Chapter 13 debtors-in-possession have the ability to prosecute pre-bankruptcy causes of action, just like debtors-in-possession in Chapters 11 and 12, but find that Chapter 13 debtors do not have the protections afforded by 11 U.S.C. § 108.
>
> The power to sue on behalf of property of the estate, as stated previously, is vested with the debtor by way of 11 U.S.C. §§ 1303, 363(b), and 323. The debtor, then, is implicitly vested with a trustee's capacity to sue on those causes of action. Thus, the Chapter 13 debtor "steps into the role of the trustee" and exercises the power of the trustee when suing on behalf of the estate. It would follow then that the extension of time provisions provided to a trustee under 11 U.S.C. § 108(a) applies to whomever is exercising the trustee's power to sue, including the Chapter 13 debtor.
>
> It is evident that Congress intended to grant a debtor under Chapter 13 the same ability to sue on behalf of the estate as a trustee, Chapter 11 debtor-in-possession, and a Chapter 12 debtor-in-possession. To read Section 108(a) so narrowly that it applies to every other entity "in possession" except the Chapter 13 debtor yields an absurd result. And "[i]t is the obligation of the court to construe the statute to avoid absurd results, if alternative interpretations are available and consistent with the legislative purpose." It is the opinion of this Court that holding 11 U.S.C. § 108(a) applicable to Chapter 13 debtors suing on behalf of the estate is not only consistent with the legislative purpose of the Code, but also the statutory text of the Code.

*Id.* at 179-81 (citations omitted). The court finds the reasoning of *McConnell* to be sound

and equally applicable to the extension of time afforded by § 108(b).

Mr. Ditto asserts that decisions of the Sixth Circuit and the district court for the Middle District of Tennessee hold that "an extension pursuant to Section 108(b) applies solely to the trustee, not the debtor, in a chapter 13 case where there is no prepetition cause of action and/or no 'debtor in possession.'" However, *Federal Land Bank v. Glenn (In re Glenn)*, 760 F.2d 1428, 1439-40 (6th Cir. 1985), held only that a chapter 13 plan may not provide for the curing of a mortgage default if the foreclosure sale took place prepetition. Part of the court's reasoning included holdings that the automatic stay of § 362(a) does not indefinitely toll a mortgage redemption period and that a court may not utilize § 105(a) to order an extended redemption period because that would "enlarge the debtor's property rights 'beyond those specifically set forth by the [state] legislature and by Congress in § 108(b).'" *Id.* at 1440. The clear implication is that § 108(b) *does* "enlarge the debtor's property rights." Likewise, the district court in *Dunlap v. Cash America Pawn (In re Dunlap)*, 158 B.R. 724, 728 (M.D. Tenn. 1993), noted that, "[s]ince the automatic stay provision of § 362 has expressly been ruled not to toll the running of a statutory redemption period, the only available protection to this property for the estate was through 11 U.S.C. § 108." While the court spoke of the trustee having 60 days after the petition date to redeem the pawned goods, that language represents *dicta* since no one redeemed the goods within the 60-day period.[6]

---

[6] *Glenn* has been extended from the mortgage foreclosure context to the tax sale context. *E.g.*, *Tabor Enters., Inc. v. State (In re Tabor Enters., Inc.)*, 65 B.R. 42 (N.D. Ohio 1986). Thus, if the plaintiff's chapter 13 plan had provided for the payment of the taxes and revesting of legal title in the plaintiff, the defendants may have had a basis to oppose confirmation. But the plan did not so provide, as the redemption was made by payment of the taxes rather than distributions under the plan. Moreover, even if the plan's treatment of CNE's claim were interpreted as revesting legal title in the plaintiff,
(continued...)

To hold that a chapter 13 debtor enjoys the rights of a trustee to exercise a right of redemption but does not have the benefit of the extension of time to exercise that right provided to a trustee by § 108(b) would be absurd. A trustee's rights and powers to use property of the estate are vested, "exclusive of the trustee," in the chapter 13 debtor. Thus, only the debtor, and not the trustee, may exercise a right of redemption that becomes property of the bankruptcy estate so, to hold that the extension of time afforded by §108(b) does not inure to the benefit of a chapter 13 debtor would render that provision largely, if not completely, inapplicable in chapter 13 cases. Congress clearly intended that § 108(b) apply in chapter 13 cases. *See* 11 U.S.C. § 103(a) (provisions of chapter 1 apply in chapter 13 cases); *id.* § 108(b) (referencing a provision of chapter 13, namely § 1301). Accordingly, § 108(b) is available to chapter 13 debtors exercising the rights and powers of a trustee just as it applies to chapter 11 cases and is available to chapter 11 debtors in possession.[7]

The court holds, therefore, that § 108(b) of the Bankruptcy Code extends the time for the debtor in a chapter 13 case to redeem property from a tax sale. As one appellate decision explained:

> While the literal text of § 108(b) only governs the actions of a "trustee," in a Chapter 13 context, § 108(b) applies to a debtor like it would normally

---

[6] (...continued)
neither of the defendants (nor CNE nor the trustee nor any other party in interest) objected to confirmation.

[7] The defendants have not raised an issue regarding the benefit of the property to the estate. The court notes, however, that the plaintiff generates income from the property, *see* Scheds. I & J (filed in chapter 13 case on June 4, 2015), which assists her in meeting her plan obligations, and also intends to reside in a portion of the property, and a residence is likewise necessary to her reorganization effort.

> apply to a trustee. Under Chapter 13, the debtor is allowed to remain in possession of his property and retains the rights that would normally pass to a trustee in a bankruptcy filed under a different chapter. As a result, § 108(b) is not limited to a "trustee" in this case.

*Salta Group, Inc. v. McKinney*, 380 B.R. 515, 520 n.3 (C.D. Ill. 2008) (citing *In re Murray*, 276 B.R. 869, 874 (Bankr. N.D. Ill. 2002)); *accord*, *e.g.*, *In re Richter*, 525 B.R. 735, 749 n.18 (Bankr. C.D. Cal. 2015). *But see In re Campbell*, 82 B.R. 614, 616 n.3 (Bankr. S.D. Fla. 1988) (stating in *dicta* that the § 108(b) extension does not apply to a chapter 13 debtor because "it is not included among the trustee's powers granted the chapter 13 debtor. § 1303.").

For the foregoing reasons, the court will enter an order granting the plaintiff judgment as a matter of law, declaring that she had the right to redeem the property from the tax sale through CNE as her agent since the redemption right had not expired at the time she commenced her chapter 13 case and since the redemption occurred within sixty days after that date.

###